BRISTOL OIL & GAS CO. v. BEACOM et al.

(Circuit Court, N. D. West Virginia. March 18, 1905.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction should not be granted to restrain infringement of a patent which has not been adjudicated, where the proofs leave the question of its validity in doubt, especially when it appears that defendants are financially responsible.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 474.]

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

Charles B. Johnson and George M. Hoffheimer, for complainant.
Davis & Davis, for defendants.

GOFF, Circuit Judge. The Bristol Oil & Gas Company, claiming to be the assignee in and for the county of Harrison, state of West Virginia, of patent No. 601,389, issued by the United States to Justin I. Williams, for "improvement in automatic lampblack machines," brings this suit against the defendants, alleging infringement by them, and praying an accounting, and a decree for damages. The defendants John W. Brown and Buena W. Brown, in their separate answers, deny infringement and disclaim any interest in the subject-matter of the controversy. The defendant Johnson W. Beacom, in his answer, denies infringement, questions complainant's title, controverts the validity of the patent, and raises certain statutory defenses. Pending the suit, prior to the taking of proof, the complainant submits a motion for a preliminary injunction, and this I am now to dispose of.

Complainant does not claim that the validity of the patent in suit has ever been established by the adjudication of any court, but insists that there has been public acquiescence. The validity of the patent is not now to be determined, but I am to decree whether, in order to protect the rights of the complainant in advance of a decree upon the merits, the preliminary writ of injunction should issue. A large number of ex parte affidavits have been filed by the parties hereto, conflicting in character and unsatisfactory as proof. The parties making them should be examined as witnesses, their testimony should be taken in due and regular manner, and, when cross-examined, their depositions should be submitted to the court. These affidavits disclose a conflict that the court cannot now dispose of, and, pending the existence of the doubt caused thereby, an injunction that may possibly work great damage to the defendants should not issue, especially in this case, in which I think it appears that defendants are financially responsible.

The validity of the patent is not only assailed, but the insistence that prior patents disclose that the patented design was old and known prior to the date of complainant's patent is not without testimony to sustain it, and, so far as the question of asquiescence is concerned, I am of opinion that, as it is now presented, it does not raise the presumption of validity.

Without intimating an opinion concerning the complainant's rights, or the defendants' liability for infringement, the preliminary injunction asked for is refused.